and distinct consideration, which was the delivery of the goods of such person, and the plaintiff's discharge of the judgment. It is then to be conside.ed in the light of an original promise, and so the law was declared by this court, in the case of *Leonard* v. *Vredenburgh.* The judgment must be affirmed.

<div style="text-align:right">NEW-YORK,<br>October, 1811.<br>HASBROUCK<br>v.<br>LOWN.</div>

<p style="text-align:center">Judgment affirmed.</p>

## HASBROUCK against LOWN.

THIS was an action of *trespass* for taking and impounding the plaintiff's hogs. The cause was tried at the *Ulster* circuit, in 1810, before Mr. Justice *Yates.*

The defendant, under a notice of justification, proved that he was the agent and servant of *Peter M. Groen,* on whose land the hogs were trespassing, at the time they were taken and impounded by the defendant. It appeared that the hogs were sold at public auction by the pound-keeper, after notice given to the plaintiff.

The defendant offered *Peter M. Groen* as a witness, (after being released by the defendant from all responsibility for costs or damages, &c.) in order to prove that the hogs were taken *damage feasant* on his land.

The plaintiff's counsel objected to his admissibility, notwithstanding the release, and the witness was rejected by the judge. The jury found a verdict for the plaintiff for 12 dollars.

A motion was made to set aside the verdict and for a new trial, which was submitted to the court, without argument.

*Per Curiam.* The witness in this case was compe-

<div style="float:right;width:35%">In an action of trespass for taking and impounding the hogs of the plaintiff, the defendant proved that he acted as the agent and servant of *G.* on whose land the hogs were found; and offered *G.* as witness, after executing a release to him, to prove that the hogs were taken *damage feasant;* and it was held that *G.* was a competent witness.</div>

tent, and had he been admitted, his testimony might have made out a complete justification for the defendant. There must be a new trial, with costs to abide the event of the suit.

New trial granted.

---

## JACKSON, *ex dem.* The Trustees of the Union Academy of Stone Arabia, &c. *against* PLUMBE.

*Where a corpo-
ration sues, ei-
ther on a con-
tract, or to re-
cover real pro-
perty, they
must, at the tri-
al, show that
they are a cor-
poration, or be
nonsuited.*

THIS was an action of ejectment, tried at the *Mont-gomery* circuit, in *September* last, before Mr. Justice *Yates.*

After the confession of lease, entry and ouster by the defendant, the plaintiff proved a deed of the land to the lessors in fee ; and that the defendant was, at the commencement of the suit, and still is, in possession. The counsel for the defendant moved for a nonsuit, on the ground that the plaintiff had not produced the patent or charter creating the lessors a body corporate; and for want of this evidence the judge nonsuited the plaintiff.

A motion was made to set aside the nonsuit, which was submitted to the court, without argument.

*Per Curiam.* The rule seems to be that when a corporation sues, either on a contract, or to recover real property, they must, at the trial, under the general issue, prove that they are a corporation. (*Hob.* 21. 2 Ld. *Raym.* 1535. 1 *Kyd on Corporations,* 292, 293. *Peters* v. *Mills, Bull. N. P.* 107.) The nonsuit in this case was, therefore, properly directed.

Motion denied.